IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 03-554 |
| | : | |
| CARLOS MANUEL PEREZ | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **January 6, 2023**

In February 2017, this Court issued a warrant for Defendant Carlos Perez for violating the terms of his supervised release, based in part on his arrest by local authorities on homicide charges. Perez now moves to dismiss the warrant and to terminate his supervised release based on his acquittal of the underlying crime in state court. In the alternative, Perez argues Magistrate Judge Thomas J. Rueter's finding that there was probable cause Perez violated his supervised release was based on misleading evidence. Because this Court can rely on acquitted conduct to adjudicate a violation of supervised release, and because Judge Rueter's probable cause finding was justified, the Motion to Dismiss the Warrant will be denied.

**FACTS**

On February 23, 2017, while Perez was on federal supervised release, the Philadelphia Police Department arrested and charged him with homicide and possession of an instrument of crime. VOSR Report & Order 2, ECF No. 138. The next day, the U.S. Probation Office filed a Report recommending the Court issue a warrant for violation of supervised release ("VOSR"). *Id.* at 3. The Report listed two violations: committing a crime and associating with a convicted felon. *Id.* at 2. It stated, "[a]ccording to Affidavit of Probable Cause, the defendant was identified as the perpetrator [of the homicide] through witness statements and D.N.A. evidence." *Id.* On March 22,

1

2017 and April 5, 2017, two different judges dismissed the state charges against Perez. Second Mot. Dismiss ¶ 3 n.1, ECF No. 175.

On April 13, 2017, Judge Rueter presided over Perez's probable cause hearing for the VOSR warrant. Bail Status & Order, ECF No. 140. At the hearing, the Probation Officer adopted the Affidavit of Probable Cause (the "Affidavit") and said he had not received the notes of testimony from the state hearings. Tr. VOSR Hr'g 18:1-4, 21:25-22:5, ECF No. 153. He also testified that his information regarding the second violation, associating with a convicted felon, came from the Police Department. *Id.* at 12:22-13:9, 15:15-17. The Government relied on the Affidavit and Probation's Report at the hearing. Gov't's Opp'n Def.'s First Mot. Dismiss 11, ECF No. 159. Of the evidence presented, three items are relevant herein. First, the Probation Officer testified that the District Attorney told him there was video surveillance identifying Perez. Tr. VOSR Hr'g 20:24-21:7, ECF No. 153. Second, the Probation Officer and the Government both testified that DNA testing showed Perez's t-shirt had the victim's blood on it. *Id.* at 19:10-13, 24:15-17. Third, the Affidavit stated Perez was identified through witness statements, including a photo spread identification. VOSR Report & Order 2, ECF No. 138; *see also* Tr. VOSR Hr'g 23:16-18, ECF No. 153. Judge Rueter found there was probable cause Perez had violated a condition of his supervised release based on the Affidavit and the photo spread identification. Tr. VOSR Hr'g 31:8-16, ECF No. 153.

In October 2019 the Pennsylvania Superior Court affirmed the trial court's dismissal of the state charges in the Superior Court. Second Mot. Dismiss ¶ 3 n.1, ECF No. 175. The Commonwealth then appealed to the Pennsylvania Supreme Court, which found probable cause, overturned the lower courts, and remanded the case on April 28, 2021. *Id.* Perez was acquitted of all charges at trial on November 18, 2021. *Id.*

**PROCEDURAL HISTORY**

On August 14, 2017, while the state charges were on appeal, Perez filed a Motion to Dismiss the First Ground for the Warrant for VOSR.[1] After briefing by the parties, this Court continued argument on the matter while the state case was pending. Second Mot. Dismiss ¶ 8, ECF No. 175. On December 20, 2021, following his acquittal in state court, Perez filed a new Motion to Dismiss the Warrant and Terminate Supervised Release. The Government filed its Response in Opposition on April 20, 2022, and Perez filed a Reply on June 13, 2022. This Court held oral argument on November 21, 2022.

**STANDARD OF REVIEW**

Before a court can revoke supervised release, a magistrate judge must conduct a preliminary hearing "to determine whether there is probable cause for the alleged violation of supervised release." *United States v. Robertson*, 367 F. App'x 301, 304 (3d Cir. 2010) (unpublished opinion). When reviewing a magistrate judge's probable cause finding, a District Court should "simply ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993) (internal quotation marks and citation omitted). This review is highly deferential. *Id.*

**DISCUSSION**

Perez challenges the warrant for VOSR under two theories, both of which fail. The Court will address each in turn.

---

[1] Perez made two arguments in this Motion. First, he argued principles of comity, abstention, and preclusion counseled against adjudication of the VOSR. First Mot. Dismiss 3-7, ECF No. 157. At oral argument, however, Perez abandoned these arguments. Second Mot. Dismiss Hr'g, Nov. 21, 2022 (not transcribed). Second, Perez argued the warrant for VOSR was issued based on false statements and mischaracterized evidence. First Mot. Dismiss 7-10, ECF No. 157. The Court has considered this second set of arguments, and the Government's corresponding arguments in its Response, as incorporated into the filings for the Motion to Dismiss currently at issue.

3

First, Perez argues the warrant should be dismissed based on his acquittal in state court. Sentencing courts such as this one, however, can rely on acquitted conduct in applying the Sentencing Guidelines so long as the conduct is proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997). Perez concedes this rationale applies. Reply Supp. Second Mot. Dismiss 1, ECF No. 184. At oral argument, he also argued the Supreme Court of Pennsylvania would not have found probable cause if it had known about additional facts which came out at trial. Second Mot. Dismiss Hr'g, Nov. 21, 2022 (not transcribed). But this argument is speculative, as it is difficult to hypothesize about what a court would or would not have done. Because Perez's acquittal in the state court (a) does not bar this Court's adjudication of the first VOSR charge (committing another crime) and (b) does not bear on the second VOSR charge (associating with a convicted felon), the Court rejects Perez's first argument.

In the alternative, Perez argues the warrant should be dismissed because Judge Rueter's probable cause finding was based on incorrect and misleading information, specifically (1) the video surveillance, (2) the DNA evidence, and (3) the witness identifications. Reply Supp. Second Mot. Dismiss 1, ECF No. 184. Because Perez has not shown Probation or the Government knowingly and intentionally, or with reckless disregard for the truth, used any false statements to obtain the probable cause finding, this argument fails. Even if Perez could make this showing, the Court finds the challenged evidence is not persuasive enough to disturb Judge Rueter's finding.

"[A] defendant may attack the issuance of a warrant if based on untruthful information."[2] *United States v. Harvey,* 2 F.3d 1318, 1323 (3d Cir. 1993). However, a warrant need not be

---

[2] The Third Circuit has not decided if warrants for VOSR must satisfy the Fourth Amendment's requirements that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." *See United States v. Petlock,* 843 F. App'x 441, 444 (3d Cir. 2021) (unpublished opinion) ("Courts disagree about whether this requirement extends to warrants issued for violating

"'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). To successfully attack a warrant on this basis, a defendant must show the warrant affidavit included a false statement made knowingly and intentionally, or with reckless disregard for the truth. *Id.* at 155-56. The defendant must make this showing by a preponderance of the evidence. *Id.* Then, if the false statement was necessary to the probable cause finding and the "remaining content is insufficient to establish probable cause, the . . . warrant must be voided." *Id.*

Perez's attack on Judge Rueter's probable cause finding fails at the first step. He argues the Probation Office "either intentionally or inadvertently mischaracterized, omitted or falsified the evidence" and the Government "went along with that mischaracterization." First Mot. Dismiss 7, ECF No. 157. Because Perez concedes the mischaracterization may have been inadvertent, on its face, this argument does not show a knowing and intentional falsification or reckless disregard for the truth. And despite his suggestion otherwise, there is no evidence the Affidavit of Probable Cause, which provided the primary basis for Probation's Report, was intentionally and knowingly falsified or made with reckless disregard for the truth. Neither Probation nor the Government had any information belying the Affidavit at the time of the hearing. Tr. VOSR Hr'g 21:25-22:5, ECF No. 153; Gov't's Opp'n Def.'s First Mot. Dismiss 11, ECF 159. This fact is enough to defeat Perez's argument.

---

a condition of supervised release. We, however, need not decide this question, because the papers here would satisfy the oath or affirmation requirement if it did apply." (Footnote omitted.)). Because it is sufficiently analogous – and for lack of any other legal test – the Court will apply a Fourth Amendment analysis to Perez's Motion.

Even if Perez could make the required showing, his challenge to the video surveillance, DNA evidence, and witness identifications does not persuade the Court that probable cause was lacking. Perez first notes there was no video surveillance of the homicide, contrary to testimony at the hearing. First Mot. Dismiss 9, ECF No. 157. But Judge Rueter did not rely on the video surveillance to find probable cause that Perez committed a crime. Tr. VOSR Hr'g 31:8-14 ("Based on this affidavit, there's probable cause . . . and you haven't impeached the photo spread."), ECF No. 153. Second, Perez argues the Government's testimony regarding the blood on his t-shirt was misleading because there was also blood on other people and "all over the club." First Mot. Dismiss 9, ECF No. 157. This argument mischaracterizes the proceedings: the Government did not make any false statements, and defense counsel noted the victim "bled everywhere." Tr. VOSR Hr'g 28:4, ECF No. 153. Third, Perez argues he was never identified by any witnesses, contrary to Probation's Report and testimony at the hearing. First Mot. Dismiss 8, ECF No. 157. During the hearing, defense counsel impeached Perez's identification by several witnesses, as Judge Rueter acknowledged. Tr. VOSR Hr'g 22:6-9, 26:15-25, 31:9-12, ECF No. 153. But counsel did not impeach a witness who identified Perez in a photo spread. *See id.* at 23:13-21, 31:12-14, ECF No. 153. Despite the identification, at other times the witness stated "he could not identify anyone in the club . . . and did not even know if it was a man or a woman who stabbed [the victim]." First Mot. Dismiss 10, ECF No. 157. The Court acknowledges Judge Rueter relied on this identification. Tr. VOSR Hr'g 31:12-14, ECF No. 153.

Even if the Court takes the photo spread out of consideration, Judge Rueter's probable cause finding was justified based on the remaining evidence. Perez was arrested based on circumstantial evidence, and the Report cited this arrest. *See United States v. Brennan*, 285 F. App'x 51, 56 (4th Cir. 2008) (unpublished opinion) ("The petition for the warrant [for VOSR]

identified the specific condition that Brennan allegedly violated—the no-other-crimes condition—and provided the date and location of Brennan's arrest, as well as the charge upon which he was arrested. This was sufficient to establish probable cause to believe Brennan violated his conditions of supervised release."). Though the charges had been dismissed by a state court, an appeal was pending. Moreover, Perez does not attack the second violation charged, associating with a convicted felon. This violation is enough, standing on its own, to support a finding of probable cause that Perez violated the terms of his supervised release.

As a final consideration, Perez argues that holding a revocation hearing would not serve the purposes of supervised release. Reply Supp. Second Mot. Dismiss 4, ECF No. 184. Perez is now a married father with three children who also cares for his elderly mother. *Id.* at 3. He owns five successful businesses, is a licensed general contractor, and mentors vulnerable youth. *Id.* at 2. Though the Court commends Perez for these accomplishments, this policy argument cannot overcome the severity of the charged violations and the lack of a legal basis to support dismissal. Therefore, the Court will deny Perez's Motion to Dismiss the Warrant.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.